UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MARK D. THOMPSON,                   :
                                    :  Civil Action No. 06-3052 (RMB)
            Petitioner,             :
                                    :
     v.                             :        O P I N I O N
                                    :
WARDEN GARY MERLINE, et al.,        :
                                    :
            Respondents.            :
_____:

**APPEARANCES:**

Mark D. Thompson, <u>Pro</u> <u>Se</u>
#142506
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

Jack J. Lipari
Assistant Prosecutor
Office of the Atlantic County Prosecutor
4997 Unami Boulevard, P.O. Box 2002
Mays Landing, NJ 08330
Attorney for Respondents

**BUMB, District Judge**

 This matter has come before the Court on Petitioner's filing of a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition will be dismissed, without prejudice.

### BACKGROUND

 Petitioner, Mark D. Thompson, filed an emergency petition for release, pursuant to 28 U.S.C. § 2254, on July 6, 2006. Petitioner stated that on June 30, 2006, he was sentenced in the Superior Court of New Jersey, Atlantic County, to "time served."

However, he claimed that due to the recent New Jersey state budget issues which caused state offices to temporarily close, he was not released from the jail.  He stated that he was being illegally detained in violation of the United States Constitution, and that there was no state relief available.  He asked only for release from confinement.

On July 10, 2006, court staff telephoned the jail where Petitioner is confined and discovered that Petitioner continued to be detained as of that date.  Jail staff informed court staff that they did not have a record of Petitioner being ordered released on time-served.

Thus, recognizing the seriousness of Petitioner's allegations, on July 19, 2006, this Court ordered service on Respondents, and ordered Respondents to show cause as to why the Petition should not be granted.

On July 24, 2006, Respondents submitted their response to the order, in the form of an affidavit by Assistant Prosecutor Jack J. Lipari.  Respondents stated that on June 30, Petitioner appeared for a hearing to determine if he had violated terms of probation.  Despite Petitioner's contentions that he was ordered released on time-served that day, Respondents stated that his case was in fact, postponed.

Petitioner replied to the response on July 31, 2006.  He submitted a memorandum, as well as his own affidavit.[1]  Petitioner argued that Respondents were incorrect, and urged the Court to acquire the transcript of the hearing, speak to his public defender, or contact the probation officer who testified at the June 30th hearing.

On August 3, 2006, Respondents' counsel faxed a copy of the June 30th transcript to the Court.  A review of the transcript reveals that Petitioner was appearing for a hearing on a violation of probation.  He stated at the hearing that he was attempting to receive long-term inpatient drug treatment through the Veteran's Administration.  According to the transcript, Petitioner was to complete some paperwork, and, if the paperwork was completed sufficiently, the court would then terminate probation with time-served.  The hearing judge stated:

> Okay.  Here's what I'm going to do.  I'm going to have probation verify what happened or didn't happen in Philadelphia.  Let's find out what that story is.  Assuming what happened is what counsel has been told by the defendant, and assuming that there is an inpatient VA program available, I'm going to do this.  Both need to be documented before I do anything.  So what I'm about to say is subject to documentation and with the direction that the defendant be held until the documentation arrives.  That is, if you're on probation on that new charge in Philadelphia, with that condition, fine.  Number two, I need to see documentation.  In fact, have an inpatient bed at the VA, what the program involves, and when and where they

---

[1] Petitioner also submitted affidavits from other inmates at the jail, who support Petitioner's version of the events.

>       can take - - Assuming that is documented, then at that
>       point in time, with time served, I would terminate your
>       probation without improvement, monies payable through
>       collections.

(Transcript of June 30 hearing, p. 4).[2]  Respondents also noted in their affidavit that Petitioner's probation hearing had been re-scheduled for August 10, 2006.

On August 9, 2006, this Court received a letter from Petitioner, dated August 7th, wherein Petitioner stated that the transcript helped him "realize that there were a couple of details which [he] did not previously understand or hear correctly . . . ."  Petitioner also confirmed that he was aware of his August 10 court date in Superior Court, Atlantic County.

## DISCUSSION

Before filing a § 2254 habeas petition, a petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal

---

[2] Respondents have submitted a hard copy of the transcript, as well as the videotape of the Court hearing, which will be noted on the docket of the Clerk of the Court.

claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

It is clear to the Court that Petitioner's remedies do not lay in a federal habeas action at this point.  As the transcript reveals, Petitioner should clear up this matter in the state court either through his probation officer or his public defender.  Should Petitioner wish to challenge his custody on this or any state-court judgement pursuant to 28 U.S.C. § 2254 in the future, he may do so after exhaustion of state court remedies, within the time constraints provided by law.

## CONCLUSION

For the foregoing reasons, the instant Petition will be dismissed, without prejudice.  An appropriate Order accompanies this Opinion.

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge

Dated: August 10, 2006